Haynes, J.
This is a petition in error to reverse a judgment that was rendered by the court of common pieas in favor of Edith E. Gates personally, and Edith E. Gates as executrix, in an action that was commenced in the court of common pleas, and prosecuted, so far Mrs. Gates was concerned, to final judgment, wherein the plaintiffs in error were plaintiffs, and William Gates and Joseph M. Spencer, Ernest L. Gates, and Edith E. Gates were the original defendants. Subsequently Ernest L. Gat^s died, and Edith E. Gates was appointed executrix of his last will and testament, being, I believe, the devisee of the estate also.
The original petition was filed, and the parties wer$ served,and thereupon demurrers were interposed, and such proceedings were had upon that petition that leave was obtained to file an amended petition. That was filed, and to that Edith E. Gates interposed a demurrer, which was heard, and sustained. Thereupon a supplemental petition was filed to the amended petition, no judgment having been rendered on the overruled petition, and another demurrer was interposed to the amended and supplemental petition. Coming on to be heard, that demurrer was sustained, and the plaintiffs, not desiring to amend their pleadings further so far as Edith E. Gates was concerned, judgment was rendered in her favor personally, and as executrix.
The amended petition sets forth in substance that William Gates, in April, 1887, desired to purchase the north-easterly sixty feet of lot 447, Port Lawrence Division of the city of Toledo, Ohio, and made an arrangement with the plaintiffs, who are real estate dealers, to purchase the land, the contract being either by William Gates personally or as agent, but it is averred in th'e petition that it was for himself and in his own interest. The property in question belonged to Mary J. Dodd. Thereupon the Detwilers made such an arrangement with her that they got an option for the land for the sum of $4;400, she refusing to pay any commissions or to be to any expense whatever in the matter. This option was reported to William Gates, who agreed to take the premises upon the terms that were mentioned, and also agreed, if he had not already agreed, to pay all the commissions and expenses for the purchase. Subsequently, however, the petition avers, and before the final consummation of the purchase and the delivery of the deeds, on the 23rd of April, 1887, William Gates made an arrangement with the plaintiffs,whereby, instead of paying them commissions upon the *650 purchase of the property, that he was to take and have ten feet of the property, and that the balance of the sixty feet,to-wit: fifty feet, should be sold, and the plaintiffs should have for their commissions for their services in the matter one half of the net profits. The agreement is set forth and attached to the petition, and is in words, as follows:
“Toledo, 0.,Apl. 23d, 1887.
“In consideration of I. H.Detwiler& Co.surrendering their commission in sale of sixty feet on Erie street bought from Mrs. Dodd, I agree that after deducting my ten feet at $1083.40, all the fifty feet brings above $4416.60, taxes and assessments they are to have one-half.
(Signed). “Wm. Gates, Agt.”
After that the deeds were made, and by direction of Mr. Gates, to Joseph M. Spencer; but prior to their delivery to Mr. Spencer the following paper was written and signed:
“Toledo, O., Apl. 25, 1887.
The within sixty feet is part of lot 447 Port Lawrence deeded to me this day by Mrs. Dodd and I hereby agree to the terms of the within agreement to pay I. H. Detwiler & Co. one-half of the profits of the property when sold as signed by Wm. Gates as agent.
(Signed). “Joseph M. Spencer.”
This memorandum was endorsed upon the back of the paper upon which the other memorandum was written.
Afterwards, on the 7th of July, 1887, Joseph M. Spencer and wife, for and in consideration of $6500, conveyed the north easterly sixty feet of said lot to the defendant, Ernest L. Gates by a quit-claim deed. The petition further sets forth that on the 3rd day of May, 1888, said defendants, Ernest L. Gates and wife, Edith. Gates, in consideration of $1000, sold and conveyed to Charles H. Gates the southwesterly ten feet of the north-easterly sixty feet of said lot 447, being, as we understand from the averments of the petition, the ten feet that were referred to in the agreement as being reserved to William Gates. On the 7th day of May, 1888, shortly after that, Ernest L. Gates and wife, on consideration of $1650, sold and delivered to the trustees of the Toledo Public Library part of said property, being that part lying in the bed of the old canal. The petition sets forth that there was a mortgage given to a certain party, and that person was made a party. They set forth that Ernest L. Gates was a son of William Gates, and they allege, as I have *651 already stated, that the whole of this proceeding was for the benefit of himself, and that the purchase price was paid by him. And they further aver that Joseph M. Spencer and Ernest Gates both, in receiving this title, received and held it for the'benefit and in trust for William Gates; that neither Ernest L. Gates nor Joseph M. Spencer paid any portion of the purchase money whatever, and that they have no beneficial interest in the property, but that it was wholly, as I have said, held in trust for William Gates.
They aver that certain rents have been paid and collected upon the premises by Ernest L. Gates, and aver that in reference to the deeds for the property that has been sold. They say that they do not know whether Ernest L. Gates had any knowledge whatever of the agreement made between plaintiffs and William Gates, which was subsequently ratified by Joseph M. Spencer, in the paper writings that have been referred to, and they make no charge of knowledge in that respect.
The original petition was really for a decree or an order reauiring these parties, — Ernest Gates and these other defendants — to hold this property in trust for the plaintiffs, to the extent of the amount of profits that they should have in the property upon its final sale, for they aver that the property has advanced in value, and that it will bring a much larger price than was paid for it. The defendants all of them deny that the plaintiffs have any right whatever in the property.
The supplemental petition — and upon which final judgment was rendered — sets up and avers that the defendant Ernest L. Gates, departed this life testate, and by his last will and testament made Edith E. Gates his sole devisee and executrix, and prays that she shall be made a party (which was done). They then aver that lis pendens had been established as to all the parties herein by the filing of the original petition; “that said defendant William Gates, has now realized and received in cash and securities secured by mortgage on said real estate, from the sale thereof, the following amounts, to-wit:
“ For the part of said trust estate sold to the trustees of the Toledo Public Library............$1000.00
“For rents...................................... 1800.00
“For balance of said trust estate sold as aforesaid to Jacob J. Swigart.......................... 7175.50
Total trust estate........................$9475.50
*652 Then they make some allegations in regard to assessments and taxes, and an averment that one-half of the net profits amounts to $2286.81. They pray for an account to be taken under the agreements set forth in their amended petition, upon the basis of rents received, and the amounts received and secured to be paid “said defendant William Gates, under and in pursuance of the sales of said premises to the trustees of the Toledo Public Library and to said Jacob J. Swigarj hereinbefore set forth, and for all other relief.”
As I have said, a demurrer was interposed by Edita E. Gates, and that was sustained, and judgment was rendered in her favor. To reverse that judgment, error is prosecuted here.
The record nowhere discloses that any final judgment has been rendered in the case in regard to the defendants William Gates or Joseph M. Spencer. As to them, so far as this record discloses, the case is still pending in the court of common pleas. They are not made parties in this petition in error, nor in any way brought into court, nor are any pleadings, if they ever filed any, made a part of the record in this case in this court. It will be observed that while the original petition was filed for the purpose of declaring a trust in this property in favor of these plaintiffs to the extent of their expected profits,and to have that trust declared against funds and property in the hands of Ernest L. Gates, and subsequently in the hands of Mrs. Gates, that amended petition avers that the property is held in trust for William Gates. The averment, as I have already stated, is, that they have no knowledge whether Mrs. Gates or Ernest L. Gates had any knowledge whatever of this written agreement, and they make no averments that they had any such knowledge. They make averments that certain portions of the property had been sold,and certain sums realized for it, and the averments as amended are, that all this property has passed to and is in the hands of William Gates. There is nothing to show that there is a dollar of money' in the hands of Mrs. Gates, either personally or as executrix. And, indeed, so far as the petition discloses, she has performed all that she was to do under this trust. Indeed, the property being sold, she has made conveyance of it at the request of the cestui que trust, and he has received all of the moneys arising from the sale of the property. Now we see here no allegations that in any manner or form charge any money to be in the hands of Mrs. Gates, or any to be forth-coming from her, or any notice on her part that would make her personally liable.
*653 What the plaintiffs are asking for, so far as we can understand, and claiming, is an interest in this fund to the extent ■of one-half of the net profits that have been realized from the sale of the property. The plaintiffs in error have filed a -very full and able brief in the case, citing many authorities, ■showing that this property should be held in trust by these ■parties for the benefit of these plaintiffs, to the extent of ■one-half the amount of the profits or expected profits — that is to say, that Mrs. Gates to that extent would hold the property in trust for them; if she did not, that Spencer would. We don’t think it very material to this case at present to pass upon that question. However, we have read 'the brief, and see that the authorities cited seem to sustain the position. Really, what there is in the case, as I have already said, is,that these parties are entitled to an accounting for one-half of the profits arising from the sale of this property, and that they have an interest in that fund to such an extent that they might assert a lien on the fund for an accounting as against William Gates; yet, as against this plaintiff, we see nothing about it or in reference to it that would entitle them to an accounting ór a claim against her, in the amended petition. And while Ernest L. Gates was a proper party at the commencement of the suit, and she after-wards, the facts disclosed by the supplemental petition, upon which the final judgment was rendered, show that she was entitled to a judgment in her favor and to pass out of the case. Certaiuly, upon that state of facts, upon a final hearing of the case, no judgment could be rendered against her, and we see no reason for keeping her in the case longer. We think, under the statutes of the state, she is entitled to have her separate judgment and depart from the case. Entertaining these views, the judgment of the court of common pleas will be affirmed.